UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICKY RENE SANDERS,

    Plaintiff,

v.

FRED FOLK,

    Defendant.

Case No. 18-cv-01558-SI

**ORDER TO SHOW CAUSE**

Re: Dkt. No. 16

Ricky Rene Sanders filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court dismissed his original petition with leave to amend. His amended petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**BACKGROUND**

The petition, amended petition, attachments thereto and the California Court of Appeal's opinion in *People v. Sanders*, Cal. Ct. App. Case No. A142875, 2016 WL 5462809 (Cal. Ct. App. 2016), provide the following information: Sanders was convicted in San Mateo County Superior Court of multiple robberies and attempted robberies that occurred in 2011. He was convicted of 44 felonies, including second degree robbery, attempted second degree robbery, false imprisonment, making criminal threats, assault with a firearm and being a felon in possession of a firearm. Sentence enhancement allegations for firearms use and prior serious felonies were found true. He was sentenced on August 8, 2014 to 834 years to life in prison with the possibility of parole. Sanders filed an unsuccessful direct appeal, and unsuccessful habeas petitions in the state courts.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As mentioned in the order of dismissal with leave to amend, there were numerous claims in the original petition, many of which were inadequately pled and lacked adequate factual detail. The court explained that the lack of adequate detail is a particular concern in this case because of the number of criminal episodes, i.e., eleven different robberies/attempted robberies of ten different stores over a six-month period, plus evidence of three other robberies that did not result in convictions. The court also noted that it could not look to appellate briefs to fill in some of the gaps because almost all of the issues raised in the *pro se* petition for writ of habeas corpus were different from those presented by counsel on direct appeal. Docket No. 11 at 3.

The court now considers the claims presented in the amended petition.

<u>Claim 1 – ineffective assistance of appellate counsel</u>. Claims of ineffective assistance of appellate counsel are reviewed according to the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984). *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Moormann v. Ryan*, 628 F.3d 1102, 1106 (9th Cir. 2010). First, the petitioner must show that counsel's performance was objectively unreasonable, which in the appellate context requires the petitioner to demonstrate that counsel acted unreasonably in failing to discover and brief a merit-worthy issue. *Smith*, 528 U.S. at 285; *Moormann*, 628 F.3d at 1106. Second, the petitioner must show prejudice, which in this context means that the petitioner must demonstrate a reasonable probability that, but for appellate counsel's failure to raise the issue, the petitioner would have prevailed in his appeal. *Smith*, 528 U.S. at 285-

86. Appellate counsel does not have a constitutional duty to raise every nonfrivolous issue requested by defendant. *See Jones v. Barnes*, 463 U.S. 745, 751-54 (1983). The weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy. *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989).

The amended petition alleges that appellate counsel failed to pursue grounds for relief requested by Sanders even though Sanders alerted counsel to "[t]he ineffectiveness of trial counsel to investigate the evident bias investigation of his client by reviewing all the evidence presented by detective Williams," and to "evaluate the possibility of prejudicial misconduct in the people's lead detective withholding exculpatory evidence, fabricating evidence, and falsifying his reports, and subsequently lying under oath." Docket No. 16 at 5. This ineffective-assistance claim is dismissed without further leave to amend because Sanders failed to adequately identify the issues that counsel omitted and failed to explain why their inclusion would have made a difference to his appeal. Moreover, some of the alleged deficiencies appear to be a failure to investigate things outside the record, which Sanders does not show would have been of any value given that appellate review is limited to errors that have been included in the record on appeal. *See People v. Siegenthaler*, 7 Cal. 3d 465, 469 (Cal. 1972). Further leave to amend will not be granted because the court already explained the need for Sanders to identify the issues omitted by counsel and explain why their inclusion would have made a difference, *see* Docket No. 11 at 3-4, and he was unable to cure these deficiencies in his amended petition. He attaches several letters he received from counsel discussing various issues and attaches several pages disagreeing with counsel's views, but those materials do not show deficient performance or resulting prejudice. These claims of ineffective assistance of appellate counsel are dismissed without leave to amend.

Sanders also alleges that counsel was ineffective in failing to present on appeal a claim of juror misconduct based on the jurors' use of outside resources. According to Sanders, the record indicates that two jurors asked a bailiff about their inability to locate information about the Evidence Code on their phones or some other source. Docket No. 11 at 4. The trial judge allegedly admonished the jury not to do outside research but failed to investigate whether anyone had done internet searches about Sanders or had done other research. Liberally construed, this claim of

3

ineffective assistance of appellate counsel in violation of Sanders' right to due process is cognizable.[1]

Sanders further alleges that appellate counsel failed to raise an issue that a juror was not "fair and impartial" based on her emotional reaction to evidence of a victim's blood on the floor. *Id.* That juror had stated on voir dire that any sight of blood would upset her and didn't know if she could handle it. *Id.* Liberally construed, this claim of ineffective assistance of appellate counsel in violation of Sanders' right to due process is cognizable.

Claim 2 – omitted. Sanders omitted Claim 2 in his amended petition.

Claim 3 - the lineup. Sanders alleges that he was denied his Sixth Amendment right to counsel before he was compelled to participate in a lineup without his requested counsel being present. Liberally construed, the Sixth Amendment claim for denial of counsel is cognizable.

Sanders also alleges that the identification made at the lineup was unduly suggestive in violation of his right to due process, citing *Stovall v. Denno*, 388 U.S. 293 (1967). Liberally construed, the due process claim is cognizable. *See id.* at 297 ("A conviction which rests on a mistaken identification is a gross miscarriage of justice.").

As the court earlier explained, no claim is stated for a violation of Sanders' Fifth Amendment right against self-incrimination based on the fact that participants were required to say phrases out loud and walk. *See* Docket No. 11 at 4 (citing *United States v. Wade*, 388 U.S. 218, 222 (1967)).

Claim 4 – ineffective assistance of counsel. Sanders alleges that trial counsel was ineffective in that he (a) failed to challenge the mayhem charge for lack of evidence, and (b) failed to impeach the victim Daniel Hernandez with prior statements made that could have led to a lesser charge of assault with a deadly weapon rather than mayhem. Although the court earlier had determined that the allegations stated a cognizable claim, the court now concludes upon further review that no claim is stated because the purported lack of evidence and impeachment matter that counsel failed to

---

[1] Although Sanders also cites the Fifth Amendment as the source of his claims that appellate and trial counsel were ineffective, that amendment does not apply to those claims. The Fourteenth Amendment is the source of the right to effective assistance of counsel on appeal. *Evitts v. Lucey*, 469 U.S. 388-89 (1985). The Sixth Amendment is the source of the right to effective assistance of counsel at trial, and that provision applies to the states via the Fourteenth Amendment's Due Process Clause. *Strickland*, 466 U.S. at 684-85.

4

pursue had no realistic chance of leading to an acquittal or to a conviction on a lesser charge.

Sanders urges that the victim's conduct may have precipitated the shooting based on evidence that the victim told police that he (the victim) thought the robber thought the victim was chasing him when in fact the victim was trying to get away. Docket No. 16 at 42. Sanders argues that the victim's statement appears to show the victim "was shot in the heat of passion, in that the robber was in the act [of] fleeing the store and then was interrupted by the action of [the victim's] pursuit." *Id.*

There is no merit to Sanders' claim because he does not show that heat of passion provides a defense to a charge of mayhem, nor that a victim's effort to pursue a suspected robber somehow shows that there is a lack of evidence of mayhem. Even assuming arguendo that heat-of-passion would provide any defense or mitigation to a mayhem charge, heat of passion did not exist on the facts reported by Sanders. Heat of passion is usually used as a defense in a homicide case, and has both a subjective and an objective component. *See People v. Cole*, 333 Cal. 4th 1158, 1215-16 (Cal. 2004). For the subjective component, "'[t]he defendant must actually, subjectively, kill the victim under the heat of passion." *People v. Steele*, 27 Cal. 4th 1230, 1252 (Cal. 2002). Because Sanders denied being the shooter, counsel had no basis on which to argue that Sanders actually and subjectively shot the victim in the heat of passion. Moreover, the objective component of heat of passion was lacking because a crime victim's predictable response to the commission of a crime does not amount to legally adequate provocation. *See People v. Rich*, 45 Cal. 3d 1036, 1112 (Cal. 1988) (holding that "victim's resistance to the criminal act of rape is 'predictable conduct' and is insufficient provocation to negate malice"); *see also id.* (quoting *People v. Jackson*, 28 Cal. 3d 264, 306 (Cal. 1980)) ("evidence 'that defendant may have become enraged and brutally attacked and killed one of his elderly victims because she was awakened during the burglary and began to scream' was insufficient to show that he killed his victims in a heat of passion on sufficient provocation. We observed, '[n]o case has ever suggested . . . that such predictable conduct by a resisting victim would constitute the kind of provocation sufficient to reduce a murder charge to voluntary manslaughter.'"). Here, evidence that the victim chased, or was perceived to be chasing, the robber is a predictable response to the commission of a robbery that does not amount to legally adequate

5

provocation for a heat of passion defense. The victim allegedly chasing the robber also would not support self-defense or unreasonable self-defense because neither doctrine applies if the defendant's "own wrongful conduct (e.g., the initiation of a physical attack or the commission of a felony), has created circumstances under which his adversary's attack or pursuit is legally justified." *People v. Valencia*, 43 Cal. 4th 268, 288 (Cal. 2008).

Likewise, Sanders' argument that there was no evidence to substantiate a mayhem charge has no factual basis. Sanders fails to show how the events here -- the robber "shot [the victim] in the leg, breaking [the victim's] shin and cutting the artery and nerve," *People v. Sanders,* slip op. at 7 – did not amount to mayhem.

Counsel did not engage in deficient performance and no prejudice resulted from counsel not pursuing the nonmeritorious attacks on the mayhem charge. *See Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005); *Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996). This claim is dismissed without leave to amend.

Claim 5 - fabrication of evidence in connection with and during search. Sanders contends that detective Mike Williams "fabricated evidence that was later allowed to be used against defendant in trial by prosecutor" in violation of Sanders' right to due process. Docket No. 16 at 43. The allegedly fabricated evidence apparently was a yellow bin as well as a nylon holster and red baseball hat allegedly found therein. Liberally construed, the due process claim that false evidence was presented is cognizable. *See generally United States v. Bagley*, 473 U.S. 667, 678-80 nn.8-9 (1985) ("'[A] deliberate deception of court and jury by the presentation of testimony known to be perjured' is inconsistent with 'the rudimentary demands of justice'" and a resulting conviction must be set aside "if there is any reasonable likelihood that the false testimony could have affected the jury's verdict").

Claim 6(a) - ineffective assistance of counsel regarding identification evidence. Sanders contends that trial counsel was ineffective in failing to challenge the admissibility of Daniel Hernandez's October 14, 2011, identification of him in a photo lineup. Liberally construed, the Sixth Amendment claim is cognizable.

Claim 6(b) - *Brady* claim. Sanders contends that the prosecution committed a *Brady* violation in failing to disclose that the lead investigator had substantial doubts and showed Hernandez another photo lineup in which Hernandez was unable to identify Sanders. Liberally construed, the *Brady* claim is cognizable.

Claim 7 - identification by Daniel Hernandez. Sanders claims that the identification made by Daniel Hernandez was the product of an unduly suggestive tactic that led Hernandez to believe he chose Sanders in a lineup. Liberally construed, the claim appears to be a cognizable due process claim.

Claim 8 – ineffective assistance of counsel. Sanders claims that trial counsel was ineffective in that he: (a) failed to investigate and present exculpatory evidence regarding witness Chang; (b) failed to impeach witness Ni's photo lineup identification; (c) failed to discover and impeach officer Williams about misconduct in the lineups; and (d) failed to present evidence that witness Faz was promised immunity to testify untruthfully and had made inconsistent statements before trial due to police coercion. Liberally construed, the claims appear to be cognizable claims for violations of Sanders' Sixth Amendment right to effective assistance of counsel.

Claim 9(a) – prosecutorial misconduct in presentation of false evidence. Sanders alleges that the prosecutor presented false evidence though witnesses Williams, Hernandez, and Faz, and presented an incomplete photo lineup. Liberally construed, a cognizable claim for a due process violation is stated. *See United States v. Agurs*, 427 U.S. 97, 103 (1976); *Napue v. Illinois*, 360 U.S. 264, 269 (1959).

Sanders also alleges that the prosecutor presented false evidence through witness Flores about an identification. However, Sanders also alleges that witness Flores later was recalled to the witness stand and the prosecutor was allowed to correct the record. Docket no. 16 at 72-73. A claim is not stated because the prosecutor did not allow the alleged misstatement of Flores to go uncorrected. The jury would not have relied on the allegedly false evidence because the witness was recalled to the stand during trial and the record was corrected. *Cf. Napue*, 260 U.S. at 269. The claim regarding witness Flores is dismissed without leave to amend.

Claim 9(b) – prosecutorial misconduct in closing argument. Sanders claims that the prosecutor misstated the evidence and unfairly made light of certain people's street names in closing argument. Liberally construed, the allegations state a cognizable due process claim for prosecutorial misconduct. *See Darden v. Wainwright*, 477 U.S. 168, 181 (1986).

Claim 10 – ineffective assistance of counsel regarding private investigator. Sanders alleges that counsel was ineffective in failing to call private investigator Scott Williams to contradict witness Daniel Hernandez about his identification and to establish corroborating evidence regarding a yellow box. Liberally construed, the allegations state a cognizable claim for a violation of Sanders' Sixth Amendment right to effective assistance of counsel.

Claim 11 - jailhouse interview. Sanders contends that his right to due process was violated when the prosecution played his jailhouse interview with the police for the jury because the tape contained several misstatements by the detectives that the jury weighed as true. For example, the detective erroneously stated that Sanders' fingerprints were found at a crime scene, Sanders had been identified by several witnesses, and Sanders was seen on a surveillance video. Liberally construed, the due process claim is cognizable.

Claim 12 - ineffective assistance of counsel - jury instructions. Sanders contends that trial counsel provided ineffective assistance in failing to request third-party culpability jury instructions after several stipulations were read that fingerprint testing had excluded Sanders as the source of certain fingerprints. Liberally construed, the ineffective assistance of counsel claim is cognizable.

Claim 13 – ineffective assistance of counsel – failure to renew objection. Sanders contends that counsel failed to renew his motion in limine to exclude a coded message testified to during the preliminary examination. The coded message found in Sanders' cell stated: "'Phone records r suspected? Is given to pop' and 'If chip is taken out & powered off can I phone be tracked at.'" *People v. Sanders,* slip op. at 9. The coded message reasonably can be interpreted to reflect an effort to dispose of evidence and to learn about the cell phone's properties, and the fact that Sanders offers up another view of the meaning of the note does not show that the evidence should have been excluded as irrelevant or under California Evidence Code § 352. Sanders fails to show that counsel's failure to renew the objection to the evidence was deficient performance or resulted in prejudice.

*See Strickland*, 466 U.S. 668; *see also Juan H. v. Allen*, 408 F.3d at 1273 (not deficient performance to not raise an objection that properly would have been overruled). The claim is dismissed without leave to amend.

Claim 14 – erroneous denial of pretrial motion to exclude bank statements. Sanders contends that the trial court erred in denying a defense motion *in limine* to exclude his bank records. The bank records "suggested defendant was making more money than what his job provided." Docket No. 16 at 94. Sanders states that he was able to prove he had other means of income besides his job. *Id.* Sanders contends that the admission of this evidence violated his "constitutional right to confrontation against allegations brought before him in the court of law. As a right of due process." *Id.* He also argues that the evidence should have been excluded because character evidence has slight probative value and can distract the jury. *Id.*

Sanders fails to state a claim under any of his theories. The evidence of his bank records was not character evidence; even if it was, the mere erroneous admission of character evidence would have been a state law violation not actionable in a federal habeas proceeding. Sanders also has not identified any facts showing a violation of his confrontation rights, even though the court earlier directed him to explain facts showing a Confrontation Clause violation. Nor does he allege facts showing a due process violation. The United States Supreme Court has never held that the introduction of propensity or other allegedly prejudicial evidence violates due process. *See Estelle v. McGuire*, 502 U.S. 62, 68-70 (1991). The Supreme Court has established a general principle of fundamental fairness, i.e., evidence that "is so extremely unfair that its admission violates 'fundamental conceptions of justice'" may violate due process. *Dowling v. United States*, 493 U.S. 342, 352 (1990) (citation omitted). But the admission of prejudicial evidence may make a trial fundamentally unfair and violate due process "[o]nly if there are no permissible inferences the jury may draw from the evidence" and the evidence is "'of such quality as necessarily prevents a fair trial.'" *Jammal v. Van de Kamp*, 926 F.2d 918, 920 (9th Cir. 1991). "Evidence introduced by the prosecution will often raise more than one inference, some permissible, some not; we must rely on the jury to sort them out in light of the court's instructions." *Id.* Because there was a permissible inference that could be drawn from the evidence – i.e., that the extra money in Sanders' bank account

was the money taken in robberies – the admission of the evidence did not violate due process. It matters not that Sanders offers an alternative theory as to how his bank account balance exceeded his salary deposits. The claim is dismissed without leave to amend.

Claim 15 - ineffective assistance of counsel - the photos. Sanders contends that counsel failed to inspect photos that had been taken from Sanders by the police, one of which showed Sanders with Charles Williams, another man who Sanders believes has a close resemblance to him. Sanders argues that this photo would have corroborated his testimony that someone who looked like him committed the crimes. But Sanders does not state facts reasonably suggesting that counsel could have done anything with the photo that would have made any difference at his trial. The grainy photo is not of a crime scene; it is of a group of acquaintances. Sanders already was aware of and knew Charles Williams; indeed, Sanders had "presented a defense of mistaken identity, attempting to shift the blame to his part-time roommate," Charles Williams. *People v. Sanders*, 2016 WL 5462809, *6 (Cal. Ct. App. Sept. 29, 2016). Merely showing a photo in which Williams appeared would not have corroborated Sanders' testimony in any meaningful way. This court earlier granted Sanders leave to amend, but he was unable to add any facts that showed there to have been ineffective assistance of counsel regarding the photos. The claim is dismissed without leave to amend.

Claim 16 - cumulative error on ineffective-assistance claims. Sanders contends that, even if none of the individual errors of counsel was sufficiently prejudicial, the cumulative effect of all those instances of ineffective assistance of counsel warrant habeas relief. Liberally construed, a cumulative error claim is stated for the claims of ineffective assistance of trial counsel.

Claim 17 – ineffective assistance of counsel regarding cell phone records. Sanders contends that his cell phone location records were obtained through an unlawful search and seizure, and that defense counsel was ineffective in failing to move to suppress this evidence. Docket No. 16 at 151. Liberally construed, the Sixth Amendment claim for ineffective assistance of counsel is cognizable.
. The underlying claim for an unlawful search and seizure cannot proceed, however. The case of *Stone v. Powell*, 428 U.S. 465, 481-82 (1976) bars federal habeas review of Fourth Amendment claims unless the state did not provide an opportunity for full and fair litigation of those claims.

10

1  California state procedures provide an opportunity for full litigation of any Fourth Amendment claim. *See Gordon v. Duran*, 895 F.2d 610, 613-14 (9th Cir. 1990) (whether or not defendant litigated Fourth Amendment claim in state court is irrelevant if he had opportunity to do so under California law). Because California provides a full and fair opportunity to litigate claims of unreasonable searches and seizures, this court is precluded from granting habeas relief on such claims. The Fourth Amendment claim is dismissed without leave to amend.

Claim 18(a) – prosecutorial misconduct – coaching witnesses regard the gun. Sanders claims that the prosecutor engaged in misconduct in violation of the Fourteenth Amendment when he made comments to witnesses describing the features of a revolver. Docket No. 16 at 176, 181. Liberally construed, the allegations state a cognizable due process claim.

Claim 18(b) – ineffective assistance of counsel regarding prosecutorial misconduct. Sanders claims that his counsel provided ineffective assistance in failing to object to the prosecutor's misconduct described in Claim 18(a). Liberally construed, the Sixth Amendment claim for ineffective assistance of counsel is cognizable.

Claim 19 – Eighth Amendment claim regarding the sentence. Sanders contends that his 834-years-to-life sentence amounts to cruel and unusual punishment because it is a de facto sentence of life without parole.

The Eighth Amendment's "Cruel and Unusual Punishments Clause prohibits the imposition of inherently barbaric punishments under all circumstances." *Graham v. Florida*, 560 U.S. 48, 59 (2010). "For the most part, however, the [Supreme] Court's precedents consider punishments challenged not as inherently barbaric but as disproportionate to the crime." *Id*. The Eighth Amendment contains a "narrow" proportionality principle – one that "does not require strict proportionality between crime and sentence," and forbids only "extreme sentences that are 'grossly disproportionate' to the crime." *Id*. at 59-60. "[O]utside the context of capital punishment, successful challenges to the proportionality of particular sentences [will be] exceedingly rare." *Solem v. Helm*, 463 U.S. 277, 289-90 (1983). Only in that rare case where a comparison of the gravity of the offense and the severity of the sentence leads to an inference of gross disproportionality does the court compare a petitioner's sentence with sentences for other offenders in the jurisdiction, and for the

11

same crime in other jurisdictions, to determine whether it is cruel and unusual punishment. *Graham,* 560 U.S. at 60.

Lengthy sentences for non-homicide offenses have been upheld in numerous cases by the Supreme Court and Ninth Circuit. *See e.g., Ewing v. California*, 538 U.S. 11, 29-31 (2003) (upholding sentence of 25-years-to-life for recidivist convicted most recently of grand theft); *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003) (upholding sentence of two consecutive terms of 25-years-to-life for recidivist convicted most recently of two counts of petty theft with a prior conviction); *Harmelin*, 501 U.S. at 996 (upholding sentence of life without possibility of parole for first offense of possession of 672 grams of cocaine); *Nunes v. Ramirez-Palmer*, 485 F.3d 432, 439 (9th Cir. 2007) (upholding sentence of 25-years-to-life for the underlying offense of petty theft with a prior conviction after finding petitioner's criminal history was longer, more prolific, and more violent than the petitioner's in *Andrade*, who suffered a harsher sentence); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 508 (9th Cir. 1994) (sentence of ineligibility for parole for 40 years not grossly disproportionate when compared with gravity of sexual molestation offenses).

Sanders does not allege facts suggesting that his sentence is disproportionate to the crimes of which he was convicted – 44 felonies that include second degree robbery, attempted second degree robbery, false imprisonment, mayhem, and assault with a firearm plus enhancements for the commission of prior serious felonies. *See People v. Sanders*, slip op. at 1. He argues at length about state law considerations for sentencing, but those state law arguments do not help in a federal habeas action because federal habeas relief is only available for violations of the Constitution or laws of the United States. The Eighth Amendment claim is dismissed without leave to amend.

**CONCLUSION**

For the foregoing reasons,

1. The amended petition states some cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve a copy of this order, the amended petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.

1 The clerk shall also serve a copy of this order on petitioner.

2 3. Respondent must file and serve upon petitioner, on or before **May 10, 2019**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **June 7, 2019**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

7. Petitioner's request for the court to reconsider its earlier order denying appointment of counsel is DENIED. Docket No. 17 at 3.

**IT IS SO ORDERED**.

Dated: February 12, 2019

_____
SUSAN ILLSTON
United States District Judge