UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY RENE SANDERS,<br>    Plaintiff,<br>v.<br>FRED FOLK,<br>    Defendant. | Case No. 18-cv-01558-SI<br><br>**ORDER DENYING MOTION TO SUPPLEMENT AMENDED HABEAS PETITION**<br><br>Re: Dkt. No. 21 |

Ricky Rene Sanders was convicted in 2014 in San Mateo County Superior Court of 44 counts of robbery and other crimes committed during eleven different robberies/attempted robberies at ten different stores over a six-month period. Eventually, he filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court has ordered respondent to show cause by May 10, 2019, why a writ of habeas corpus should not be granted as to certain claims in Sanders' amended habeas petition. Docket No. 20.

In addition to being prosecuted in San Mateo County Superior Court (the "San Mateo case"), Sanders was more recently prosecuted in Santa Clara County Superior Court for robberies that, as this court understands the situation, are different robberies than those at issue in the San Mateo case. Following a jury trial in Santa Clara County Superior Court (the "Santa Clara case") in May 2018, Sanders was convicted of one count of robbery and acquitted of four counts of robbery.

This matter is now before the court for consideration of Sanders' motion to supplement his amended habeas petition with "new evidence" from the Santa Clara case. Docket No. 21. The "new evidence" he wants to present from the Santa Clara case includes photo lineups, fingerprint comparison cards, a DNA analysis report, and jury questions. He also attaches a copy of a motion for new trial from the Santa Clara case. Docket No. 21-1 at 8.

Upon due consideration, the court DENIES Sanders' motion for leave to supplement his amended habeas petition. Docket No. 21. The motion fails to show that the events and results in the Santa Clara case have any material bearing on the amended habeas petition challenging the conviction in the San Mateo case. Sanders fared better in the Santa Clara case, but that does not show the relevance of the evidence from that case to the San Mateo case as there apparently were different crimes at issue and different evidence presented in these two trials occurring four years apart. He does not show that the "new evidence" from the Santa Clara case should have been pursued or would have been admissible in the San Mateo case. (For example, Sanders does not explain how fingerprints from the robberies at issue in the Santa Clara case mattered in the San Mateo case, nor does he state that inculpatory fingerprint evidence was even presented in the San Mateo case.) Sanders also fails to connect any of the "new evidence" he wants to present to any particular federal constitutional claim as to which this court issued the order to show cause. Evidence without any connection to a particular legal claim is not relevant. If Sanders wants to allege one or more new federal constitutional claims based on the "new evidence," he can file a motion to amend, but the evidence otherwise appears to have no purpose in this action.

The court also is concerned that Sanders may misunderstand the scope of the present action. If Sanders wants to challenge in federal court the conviction from the Santa Clara case, he must file a new petition for writ of habeas corpus (that will be assigned a new case number and will proceed separately from this action) after he exhausts state court remedies for any claims that he wishes to present in such a petition for writ of habeas corpus. In essence, a prisoner must file a separate action to challenge every separate judgment of conviction. The court will not entertain any claims about violations of Sanders' federal constitutional rights in the Santa Clara case in this habeas action because this habeas action is limited to the conviction/sentence in the San Mateo case.

**IT IS SO ORDERED**.

Dated: April 15, 2019

SUSAN ILLSTON
United States District Judge