UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY RENE SANDERS,<br>　　　　Plaintiff,<br>　　v.<br>FRED FOLK,<br>　　　　Defendant. | Case No. 18-cv-01558-SI<br><br>**ORDER** |

A. <u>Petitioner's Filing</u>

Petitioner filed a document labelled "amended petition" on April 30, 2019. Docket No. 24. The "amended petition" filed on April 30, 2019, is STRICKEN because it was not accompanied by a motion for leave to file an amended petition. The document also fails to do the fundamental chore of setting out a petitioner's grounds for relief because it consists primarily of legal argument with numerous bullet point ideas and omits almost a dozen claims contained in the earlier amended petition (Docket No. 16). The operative pleading from petitioner remains the amended petition filed on September 5, 2018 (Docket No. 16).

In an April 15, 2019 order, the court expressed concerns about petitioner's efforts to blend together his claims about his San Mateo County Superior Court conviction (i.e., the conviction under attack in this action) and his Santa Clara County Superior Court conviction that occurred several years later. The "amended petition" filed on April 30, 2019 continues to try to confuse the issues with information about the Santa Clara County Superior Court conviction. Again, petitioner must file a new action to challenge the Santa Clara County Superior Court conviction. He should not file that new action until after he exhausts state court remedies for any claim he wishes to present in his federal petition for writ of habeas corpus.

If petitioner has legal arguments he wants to make about the claims in his amended petition (Docket No. 16), the place to make those arguments is in his traverse, rather than in a series of miscellaneous filings in the court. That traverse is not due until after respondent files an answer to the order to show cause. Any legal argument not contained in the traverse will be disregarded.

If petitioner wants to file a second amended petition, he may do so but must file a motion for leave to amend with the proposed second amended petition, explaining why a second amended petition should be permitted. He is cautioned that a second amended petition will supersede the amended petition (Docket No. 16) and any claim not contained in the second amended petition will be dismissed.

B. Scheduling

Due to an oversight at the courthouse, the amended petition and order to show cause were not served on Respondent or his counsel. To move this case forward toward resolution, the court now orders:

1. The clerk shall serve a copy of this order, the order to show cause, the amended petition, and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.

2. Respondent must file and serve upon petitioner, on or before **July 26, 2019**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **August 23, 2019**.

If respondent files a motion to dismiss instead of an answer to the petition, the same briefing schedule will apply. That is, the motion must be filed and served on or before July 26, 2019, and the opposition must be filed and served on or before August 23, 2019. Any reply by respondent must be filed on or before September 6, 2019.

**IT IS SO ORDERED**.

Dated: May 20, 2019

_____
SUSAN ILLSTON
United States District Judge