UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY RENE SANDERS,<br>Petitioner,<br>v.<br>FRED FOLK,<br>Respondent. | Case No. 18-cv-01558-SI<br><br>**ORDER DENYING MOTION TO AMEND HABEAS PETITION**<br>Re: Dkt. No. 31 |

Petitioner has filed a motion for leave to amend his amended petition for writ of habeas corpus. Docket No. 31. He states that he wants "to provide additional context and authority to his existing claims." *Id.* at 4. He does not attach a proposed second amended petition to his motion. Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely given when justice so requires, but the court cannot make that determination without seeing the proposed new pleading. *See Lake v. Arnold*, 232 F.3d 360, 374 (3d Cir. 2000) ("Obviously, without this draft complaint, the District Court cannot evaluate the merits of a plaintiff's request . . . [T]he court had nothing upon which to exercise its discretion.") The motion for leave to file a second amended petition is DENIED because petitioner failed to attach the proposed new pleading. Docket No. 31. Petitioner's failure to submit the proposed second amended petition is inexplicable in light of the fact that the court specifically informed him in an order filed May 20, 2019, that he had to include a proposed second amended petition with any motion to amend. Docket No. 25 at 2.

Moreover, because the court has already found cognizable claims for relief and petitioner now urges that he does not seek to add any claims but rather provide "additional context and authority to his existing claims," it does not appear that further amendment is necessary. Once the court determines that a claim has been stated, it is not necessary or wise for a *pro se* litigant to

continue to tinker with the pleading of that claim because he may plead himself out of a claim. As the court stated in the order filed May 20, 2019, petitioner can use his traverse to make his legal arguments about the claims already found cognizable. *Id.*

In the event that the parties were waiting for a ruling on the motion to amend before filing their briefs, the court now sets the following new briefing schedule: No later than **October 25, 2019,** respondent must file and serve his answer to the amended petition or his motion to dismiss. No later than **November 22, 2019,** petitioner must file and serve his traverse (if an answer is filed) or his opposition (if a motion to dismiss is filed).

**IT IS SO ORDERED**.

Dated: October 3, 2019

_____
SUSAN ILLSTON
United States District Judge