UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY RENE SANDERS,<br>Petitioner,<br>v.<br>FRED FOLK,<br>Respondent. | Case No. 18-cv-01558-SI<br><br>**ORDER TO STAY AND ADMINISTRATIVELY CLOSE CASE**<br>Docket No. 39 |

Ricky Rene Sanders filed this *pro se* action for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2014 conviction from the San Mateo County Superior Court. The matter is now before the Court for *sua sponte* consideration of a stay.

In the San Mateo County Superior Court, Sanders was convicted of 44 felonies and received a sentence of 834 years to life in prison. On appeal, the California Court of Appeal reversed on some counts, ordered a sentence enhancement stricken, directed the trial court to resentence Sanders, and otherwise affirmed the judgment of conviction. The California Supreme Court denied a petition for review. Sanders is still awaiting the resentencing that was ordered by the California Court of Appeal. According to online records for the San Mateo County Superior Court, Sanders is scheduled to be resentenced on April 28, 2020. *See* https://odyportal-ext.sanmateocourt.org/Portal-External/Home/WorkspaceMode?p=0.

The status of this action is that there is a pending unopposed motion to dismiss. The Court earlier issued an order to show cause why relief should not be granted on more than a dozen claims in the amended petition for writ of habeas corpus. Respondent has moved to dismiss on the grounds that some claims are procedurally defaulted and some claims are unexhausted. See Docket Nos. 16, 39. Sanders does not oppose the motion to dismiss.

The Court is concerned that there may be a significant unnecessary consumption of judicial resources if this action goes forward at this time, given the upcoming resentencing. Specifically, the Court may have to decide issues now and then have to re-decide the same or related issues later after the resentencing because a new judgment will be entered.

Normally, piecemeal and repetitious presentation of habeas claims is avoided by the rule generally disallowing second or successive petitions, *see* 28 U.S.C. § 2244(b)(3), but a resentencing may allow a petitioner to avoid that rule. A federal habeas petition filed after an amended or new judgment is entered upon a resentencing that follows an earlier federal habeas petition is not a "second or successive petition" for which permission must be obtained under 28 U.S.C. § 2244(b)(3). *See Wentzell v. Neven*, 674 F.3d 1124, 1126-27 (9th Cir. 2012) (citing *Magwood v. Patterson*, 561 U.S. 320 (2010)). Although *Magwood* left open the question of whether a petitioner could challenge errors at the original trial in such a petition, the Ninth Circuit has held that such claims may be asserted. *Wentzell*, 674 F.3d at 1127. "'[W]here a first habeas petition results in an amended judgment, a subsequent petition is not successive,' even if its claims could have been raised in a prior petition or the petitioner 'effectively challenges an unamended component of the judgment.'" *Id.* (quoting *Johnson v. United States*, 623 F.3d 41, 44 (2d Cir. 2010); *see also Morales v. Sherman*, 949 F.3d 474, 476 n.1 (9th Cir. 2020) (noting that three-judge panel had no authority "to reconsider whether *Wentzell* was correctly decided"). "[P]rocedural default rules—rather than the rules governing 'second or successive' petitions—are the more appropriate tools for sorting out new claims from the old. *Wentzell*, 674 F.3d at 1127.

Rather than consuming judicial resources to decide the claims presented in the amended petition, and then consuming additional judicial resources to redecide those claims as well as any new claims that Sanders wants to present after resentencing, it is preferable to stay this case to let the resentencing proceedings conclude. By staying the case to wait for the resentencing (and any state court challenges) to conclude, the Court avoids the likelihood that it will have needlessly consume resources to study the state court records for the original trial twice – efforts that are quite likely to be required because *Wentzell* allows a petitioner who has been resentenced to allege claims that could have been raised in the original petition as well as claims about the resentencing. After

Sanders is resentenced, a new or amended judgment is entered, and he exhausts state court remedies for his claims, he may file a motion to lift the stay of this action. Such a motion to lift the stay must be filed within a reasonable time after he exhausts state court remedies for his claims after conclusion of the resentencing proceedings. At that time, the Court will decide whether he should proceed with all his claims in a single case, in two consolidated cases, or otherwise.

For the foregoing reasons, this action is now STAYED and the clerk shall ADMINISTRATIVELY CLOSE the action. Nothing further will take place in this action until Sanders' resentencing occurs, he exhausts state court remedies for any claims, and, within a reasonable time thereafter, moves to reopen this action and lift the stay.

Respondent's motion to dismiss is DISMISSED without prejudice to Respondent refiling such a motion after the stay is lifted, if that ever occurs. Docket No. 39.

**IT IS SO ORDERED**.

Dated: March 2, 2020

_____
SUSAN ILLSTON
United States District Judge

3